UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Darrin Howard Merritt**                    **Docket No. 5:12-CR-209-1FL**

### Petition for Action on Supervised Release

COMES NOW Cierra M. Wallace, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Darrin Howard Merritt, who, upon an earlier plea of guilty to Distribution of a Quantity of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1), was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on April 4, 2013, to the custody of the Bureau of Prisons for a term of 151 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

Darrin Howard Merritt was released from custody on January 16, 2024, at which time the term of supervised release commenced.

On September 26, 2024, a Violation Report was submitted to the court reporting the defendant's positive drug test on September 12, 2024. The defendant denied the illegal use of cocaine; however, this was confirmed by the national laboratory on September 20, 2024. The defendant was verbally reprimanded by the probation officer. He was also subjected to more frequent urinalysis screenings and given a substance abuse assessment to determine treatment needs.

On November 27, 2024, a Violation Report was submitted to the court reporting the defendant's positive drug test on November 18, 2024. The defendant denied the illegal use of cocaine; however, this was confirmed by the national laboratory on November 25, 2024. The defendant was verbally reprimanded by the probation officer and subjected to more frequent urinalysis screenings. Although he was undergoing individual substance abuse counseling, the addition of group counseling was recommended.

On January 21, 2025, a Petition for Action on Supervised Release was submitted to the court reporting the defendant's positive drug test on January 6, 2025. The defendant admitted using cocaine, which was also confirmed by the national laboratory on January 13, 2025. The court ordered that Merritt participate in an electronically monitored curfew not to exceed 60 consecutive days.

On October 17, 2025, a Petition for Action on Supervised Release was submitted to the court reporting the defendant's positive drug test on October 6, 2025. The defendant admitted using cocaine, which was also confirmed by the national laboratory on October 14, 2025. Merritt was given a curfew for a period of 90 days without electronic monitoring.

On December 1, 2025, a Petition for Action on Supervised Release was submitted to the court reporting the defendant's positive drug test on November 13, 2025. The defendant admitted using cocaine, which was also confirmed by the national laboratory. The court ordered that Merritt participate in an electronically monitored curfew not to exceed 60 consecutive days.

On December 18, 2025, a Violation Report was submitted to the court reporting the defendant's positive drug test for cocaine on December 4, 2025. The defendant was verbally reprimanded by the probation officer and subjected to more frequent urinalysis screenings. Although he was undergoing individual substance abuse counseling, the addition of group counseling was recommended.

On March 2, 2026, a Petition for Action on Supervised Release was submitted reporting the defendant was enrolled in HOPE Court, which required that he participate in a cognitive behavioral program. The Court agreed to add the program as a condition and supervision was continued.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2).  Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office.

2. The defendant shall provide the probation office with access to any requested financial information.

3. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

4. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant also recently possessed cocaine, as evidenced by a test conducted on April 27, 2026, that yielded positive results for cocaine. Laboratory confirmation reports further verified that the specimen tested positive for cocaine. Due to this noncompliance, it is recommended that additional special conditions be imposed requiring the defendant to formally enroll in the HOPE Court program and comply with an electronically monitored curfew for a period not to exceed 60 consecutive days. It should also be noted that this is the defendant's fourth positive drug screen within one year.

Pursuant to 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or a person's current or past participation in such programs, warrants an exception to 18 U.S.C. § 3583(g)(4) when considering any action against a defendant who fails a drug test while on supervised release. As Merritt is actively engaged in a treatment program, and considering 18 U.S.C. § 3583(d), the probation office respectfully recommends the defendant be permitted to continue supervision in lieu of revocation at this time. In response to his continued substance use, a 60-day curfew with location monitoring is suggested. Any subsequent substance use will be reported to the court.

**Darrin Howard Merritt**
**Docket No. 5:12-CR-209-1FL**
**Petition For Action**
**Page 4**

The defendant signed a Waiver of Hearing agreeing to the proposed modifications of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 60 consecutive days. The defendant is restricted to his residence during the curfew hours. The defendant shall submit to the following Location Monitoring: GPS monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer. The defendant must pay all of the cost of the program.

2. Participate in HOPE Court.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Mark Culp
Mark Culp
Supervising U.S. Probation Officer

/s/ Cierra M. Wallace
Cierra M. Wallace
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 910-679-2034
Executed On: May 8, 2026

## ORDER OF THE COURT

The defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Considered and ordered this ___13th___ day of _____May_____, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge